# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:13-CV-144

| | |
|---|---|
| JONATHAN SCHNEIDER, DEANNA REARY, and LANGDON CLAY, all individually, and on behalf of those similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) CCC-BOONE, LLC, AND CAPSTONE PROPERTIES, LLC, ) ) ) Defendants. ) ) | ORDER |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Remand to Watauga County Superior Court under 28 U.S.C. § 1447(c), and for attorneys' fees and costs, filed on November 20, 2013. (Doc. 7.)

## I.    BACKGROUND

Plaintiffs Jonathan Schneider ("Schneider"), Deanna Reary ("Reary"), and Langdon Clay ("Clay") filed this suit individually and on behalf of those similarly situated in the General Court of Justice, Superior Division in Watauga County on September 20, 2013. (Doc. 7-1 at 1.) The Complaint seeks class-wide relief for damages allegedly suffered after entering lease agreements with Defendants CCC-Boone, LLC ("CCC-Boone") and Capstone Properties, LLC ("Capstone") for occupancy of newly constructed student housing units located in Boone, North Carolina. Plaintiffs allege that Defendants unlawfully charged an administrative fee of $200 in their lease agreements, and as a result, also violated North Carolina's Debt Collection Practices Act (N.C. Gen. Stat. §§ 75-70 *et seq.*) and North Carolina's Unfair and Deceptive Trade Practices Act

(N.C. Gen. Stat. §§ 75-1 *et seq.*). Plaintiffs also allege that they were overcharged rent for a variety of reasons and seek a reduction or discount in the amount of their rent as "rent abatement."

On October 21, 2013, Defendants filed their Notice of Removal to this Court under 28 U.S.C. §§ 1441 and 1332. (Doc. 1 at 1.) Defendants argue:

> This action is removable under 28 U.S.C. §§ 1332 and 1441(a) as the Federal District Court has original jurisdiction based upon the diversity of citizenship between the parties and the amount in controversy exceeds the statutory minimum of $75,000.00.

(*Id.* at ¶ 4.) In support of their claim for diversity, Defendants allege that Plaintiffs are citizens and residents of Watauga County, North Carolina, that CCC-Boone is a Delaware company with its principal place of business in New York, and that Capstone is an Alabama company with its principal place of business in Alabama. (*Id.* at 2, ¶¶ 5-7.) Defendants allege no additional facts in support of their initial claim that the amount in controversy exceeds the statutory minimum.

## II.  STANDARD OF REVIEW

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000)(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994)). It is presumed that a cause of action is outside the jurisdiction of the federal courts "and the burden of establishing the contrary rests upon the party [seeking removal]." *Kokkonen* at 377, 1675.

Where "jurisdiction is doubtful, a remand to state court is necessary" because of the "significant federalism concerns implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)(quotations and citations omitted.)

## III. ANALYSIS

### a. Diversity Jurisdiction

Defendants claim original jurisdiction under 28 U.S.C. § 1332(a) in their notice of removal. Section 1332(a) provides jurisdiction in "all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between" citizens of different states. 28 U.S.C. § 1332(a)(1).

The amount in controversy requirement is determined by the sum demanded in good faith in the initial pleading or by a district court finding, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). Where multiple plaintiffs have brought an action, the amount claimed by each plaintiff can be aggregated to meet the amount in controversy requirement only where the plaintiffs have united "to enforce a single title or right, in which they have a common and undivided interest." *Troy Bank of Troy, Ind., v. G.A. Whitehead & Co.*, 222 U.S. 39, 40-41, 32 S. Ct. 9 (1911). Otherwise, where plaintiffs have united "for convenience and economy in a single unit" and "have separate and distinct demands," *id.*, the amount in controversy requirement is satisfied if at least one named plaintiff has a claim exceeding $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559, 125 S. Ct. 2611, 2620 (2005).

In contrast, the citizens of different states prong requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Corporations are citizens of "every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the "nerve

center;" a single place within a state where the corporation maintains its headquarters or from which the "direction, control, and coordination" for the corporation emanate. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

Defendants have failed to satisfy each of these requirements and Plaintiffs' Motion to Remand will be granted.

### Amount in Controversy Requirement

Here, Plaintiffs have united for convenience and economy and have separate and distinct demands, therefore, the amount claimed by each cannot be aggregated. *Jones v. Allstate Ins. Co.*, 258 F. Supp. 2d 424, 431 (D.S.C. 2003)(aggregation of claims "is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally.")(quoting and citing *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997) and *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1264 (11th Cir. 2000)). Aside from the fact that Defendants simply state that the amount in controversy requirement is met with no supporting facts, it is clear from initial pleading that none of the Plaintiffs demand recovery anywhere near $75,000. A generous calculation of the amount claimed by Plaintiffs comes to $6,300.00 (Doc. 8 at 5-7), which is $68,700.01 short of satisfying the amount in controversy requirement of diversity jurisdiction under § 1332(a).

### Complete Diversity Requirement

Once again, Defendants plainly state that CCC-Boone's principal place of business is in the state of New York with no supporting facts. The address of CCC-Boone's headquarters is not provided and there is no evidence showing how direction and control of the corporation flows from New York to manage a student housing complex in Boone, North Carolina. Additionally, in arguing that CCC-Boone's principal place of business is actually North Carolina, Plaintiffs have

shown that CCC-Boone is registered to do business in North Carolina and not New York. (Doc. 8 at 8.)(*Sebastian Holdings, Inc. v. Kugler*, 3:08-CV-1131 RNC, 2012 WL 1190837 (D. Conn. Mar. 30, 2012)("while not determinative . . . a failure to register provides some evidence that Monaco is not [the corporation's] principal place of business.") Further, in their brief in opposition, CCC-Boone states that its new principal place of business, subsequent to removal of the case, is Boca Raton, Florida. (Doc. 21 at 2.) Defendants provide no facts in support of this claim and Plaintiffs have shown that CCC-Boone is not registered to do business in Florida. (Doc. 8 at 8-9.) In the very same paragraph claiming Boca Raton, Florida as the principal place of business, CCC-Boone goes on to state that, "[a]ll corporate management, direction, and operative coordination for CCC-Boone, LLC emanate from a foreign, Alabama-based corporation." (Doc. 21 at 2.)

Under these facts, CCC-Boone has failed to establish its principal place of business as New York or Florida. Although inadvertently, CCC-Boone has provided the most support for its principal place of business being Alabama, while Plaintiffs have made a credible argument for North Carolina as the principal place of business. Regardless, CCC-Boone's imprecise argument in support of complete diversity raises serious doubts, making remand to North Carolina state court the appropriate decision.

    b. **CAFA Jurisdiction**

With no notice or explanation, Defendants argue for the first time in their brief in opposition that original jurisdiction is proper under 28 U.S.C. §§ 1453, the Class Action Fairness Act ("CAFA"). (Doc. 21 at 3.) The Court will not analyze the merits of jurisdiction under CAFA because this change in jurisdictional theory midstream will not be allowed.

Defendants removed this case from state to federal court is under 28 U.S.C. § 1446. Section 1446 provides a 30 day window for removal and during this period a party is free to amend the notice of removal. At the close of the 30 day window, defective allegations of jurisdiction may be amended under 28 U.S.C. § 1653. The Supreme Court has held that amendment under Section 1653 is proper for "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831, 109 S. Ct. 2218, 2222 (1989). The procedure for removal of a class action is provided by 28 U.S.C. § 1453.

Here, Defendants have failed to request leave to amend their notice of removal under Section 1453. To be clear, Defendants proceeded seamlessly to argue that removal and jurisdiction was proper under a different subpart of Section 1332 than initially claimed, § 1332(a) versus § 1332(d). Even more striking, although Defendants cite the elements required for removal of a class action (Doc. 21 at 3), Defendants never refer to § 1453 as the proper mechanism for removal. Had Defendants followed the applicable law, once they realized that their initial basis for jurisdiction was deficient, they would have filed a request for leave to amend their notice of removal under § 1653, and then argued that removal was appropriate under § 1453. Because Defendants' brief in support provides no explanation for their change in course, the Court does not know whether this failure to follow the law was intentional or accidental.

Further, even if Defendants had followed the appropriate procedures, at least one other district court (in Kansas) has held that amendment under § 1653 does not allow a defendant to switch from § 1332(a) jurisdiction to § 1332(d) jurisdiction. *Geismann v. Aestheticare, LLC*, 622 F. Supp. 2d 1091, 1096 (D. Kan. 2008). This Court agrees with the reasoning of Judge Vratil in *Geissman*:

> By enacting Section 1332(d), Congress intended to "expand substantially federal court jurisdiction over class actions." S.Rep. No. 109—14, at 43 (2005). To that end, Section 1332(d) alters several traditional principles of diversity jurisdiction. Contrary to [defendant's] contention that it need only amend the notice of removal to clarify the amount in controversy, the shift from Section 1332(a) to Section 1332(d) requires [defendant] to demonstrate several distinct jurisdictional facts.

*Id*.

Although remand poses no specific prejudice to Defendants, it is clear that Plaintiffs provided notice of the defects in Defendants' removal on the basis of diversity jurisdiction under Section 1332(a). In an email to Defendants' attorney on October 24, 2013, Plaintiffs' attorney asked: "[W]hat is the basis for the allegation the amount in controversy for a tenant exceeds $75k?" (Doc. 23-1 at 1.) This email was sent early in the morning three days after Defendants filed their notice of removal. Defendants' attorney never responded to this message.

### c. Attorneys' Fees and Costs

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin c. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Section 1447 of Chapter 28 of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." An award of attorneys' fees is within the discretion of the court and, "[a]bsent unusual circumstances" courts may award attorneys' fees "only where the removing party lacked any objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005).

Here, Defendants lacked any objectively reasonable basis for removing this matter to federal court. This is demonstrated by the fact that, at a minimum, each Plaintiffs' claim was

$68,700.01 short of meeting the amount in controversy requirement. This obvious error is compounded by the fact that Plaintiffs provided notice to Defendants of this obvious error. Again, because Defendants failed to explain their reasoning, the Court does not know whether this error was a result of unfamiliarity with the removal procedure to federal court, honest confusion regarding the law, or sincere belief compounded by poor communication. Whatever the reason, an award of attorneys' fees is appropriate because of the resulting delay in resolution of this case and waste of judicial resources.

### IV.    ORDER

For the reasons stated herein, Plaintiffs' Motion to Remand to Watauga County Superior Court and Request for Attorneys' Fees and Costs is hereby **GRANTED.** Because this Court lacks jurisdiction over Plaintiffs' claims for relief, Defendants' Motion to Dismiss is not properly before this Court, and is hereby **DISMISSED** as **WITHOUT PREJUDICE.**

Signed: November 21, 2014

Richard L. Voorhees
United States District Judge