IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CV-144

| | |
|---|---|
| JONATHAN SCHNEIDER, DEANNA REARY, AND LANGDON CLAY, all individually, and on behalf of those similarly situated, </br></br>**Plaintiffs,**</br></br>v.</br></br>CCC-BOONE, L.L.C. AND CAPSTONE PROPERTIES, L.L.C.,</br></br>**Defendants.** | **ORDER** |

**BEFORE THE COURT** are Plaintiffs' Memorandum of Law in Support of Reasonableness of Fees Sought (Doc. 30) and Defendants CCC-Boone, L.L.C. and Capstone Properties, L.L.C.'s (collectively "Defendants") Motion to Reconsider of the Granting of Attorney's Fees (Docs. 33, 35) and Opposition to Plaintiffs' Memorandum in Support of Reasonableness of Attorneys Fees (Doc. 34). Plaintiffs filed a consolidated reply in response to Defendants' filings. (Doc. 36).

On October 21, 2013, Defendants removed this case from the Superior Court of Watuaga County. On November 20, 2013, Plaintiffs filed a motion to remand. (Doc. 7). On November 21, 2014, this Court remanded the case to Watauga County and granted Plaintiffs' request for attorneys' fees and costs without deciding the exact figure. (Doc. 28). Thereafter, Plaintiffs filed a Motion in Support of Reasonableness of Fees Sought (Doc. 30). The Court retained jurisdiction over the fees issue, but allowed the remainder of the case to proceed in state court. (Doc. 31).

The Court will first consider the motion to reconsider its grant of attorneys' fees.[1]

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court stated that:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Defendants cite cases showing that some courts have denied costs and attorneys' fees where parties have set forth jurisdictional arguments that were weak. Persuasive authority suggests that procedural defects in the removal process do not warrant cost-shifting. *See Miller v. Fed. Int'l, Inc.*, No. 09-CV-105-JPG, 2009 WL 535945, at *3 (S.D. Ill. Mar. 4, 2009); *Pinnacle Choice, Inc. v. Silverstein*, No. CIV.A. 07-5857 (WJM), 2008 WL 2003759, at *8 (D.N.J. May 6, 2008) *report and recommendation adopted,* No. CIV.A.07-5857(WJM), 2008 WL 2152228 (D.N.J. May 20, 2008); *Saterstad v. Stover*, 249 F. App'x 955, 956 (3d Cir. 2007);

---

[1] The Court notes that Defendants' theory involving the Class Action Fairness Act ("CAFA") was raised in response to the Motion to Remand. Thereafter, in their reply, Plaintiffs had the opportunity to discuss whether Defendants could switch jurisdictional theories at that point in the litigation and whether Defendants' Notice of Removal even implicated CAFA. Defendants would have had to file a motion for leave to file a sur-reply to raise the issue of whether a deficiently drafted Notice of Removal should warrant the imposition of fees. Given the procedural posture in the case, the Court finds that it is appropriate to reconsider the imposition of fees.

*see also Carr v. Nat'l Ass'n of Forensic Counselors, Inc.;*, No. CV 14-8761-JFW JCX, 2014 WL 7384718, at *4 (C.D. Cal. Dec. 29, 2014).

After reviewing *Martin*, particularly the rationale for fee-shifting under § 1447(c), and other persuasive authority, this Court exercises its discretion to conclude that that the imposition of costs is not appropriate in this instance. While the Court ultimately lacked subject matter jurisdiction over the case, it is clear that the standard for imposition of fees is not strict liability. The Court finds that the defect in the notice of removal is more akin to a procedural defect and amounts to an error in referencing the wrong portion of 28 U.S.C. § 1332. While such an error is important – the result in this case was granting the motion to remand – awarding fees in this instance would not deter subsequent removals that contain negligently drafted notice of removals.

**IT IS, THEREFORE, ORDERED THAT**

(1) Defendants' Motion for Reconsideration (Doc. 33) is **GRANTED**;

(2) Issues regarding the amount and reasonableness of the fees (Docs. 29-30) are **MOOT**; and

(3) The Court will not award costs under § 1447(c).

Signed: May 19, 2015

Richard L. Voorhees
United States District Judge